**CMR**

$400

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA
PHILADELPHIA, PENNSYLVANIA

**18      4146**

MICHAEL A. MAYER
402 Meadow Lane
Wallingford, Pennsylvania 19086,

    Plaintiff,

    v.

WALLINFORD-SWARTHMORE SCHOOL DISTRICT
200 South Providence Road
Wallingford, Pennsylvania 19086;

LISA PALMER, Superintendent, Wallingford-
Swarthmore School District
200 South Providence Road
Wallingford, Pennsylvania 19086;

FERGUSON ABBOTT, Human Resources Director,
Wallingford-Swarthmore School District,
200 South Providence Road
Wallingford, Pennsylvania 19086;

and

TEAMSTERS LOCAL NO. 312, INTERNATIONAL
BROTHERHOOD OF TEAMSTERS,
David Delloso, President
1 East Fifteenth Street
Chester, Pennsylvania 19013

    Defendants.

CASE NO. 18-cv-____ __  _____

**PLAINTIFFS' VERIFIED
COMPLAINT FOR
DECLARATORY AND
INJUNCTIVE RELIEF**

**FILED**

SEP 2 5 2018

KATE BARKMAN, Clerk
By_____Dep. Clerk

### PRELIMINARY STATEMENT

1.    This is a civil rights action for permanent injunctive relief, declaratory relief, and

monetary relief to redress and to prevent the deprivation under color of the Pennsylvania Public

Employe Relations Act ("PERA"), 43 PA.STAT.ANN. §§ 1101.101 *et seq.*, and/or the

Pennsylvania Public Employee Fair Share Fee Law ("PEFSFL"), 43 PA.STAT.ANN. §§ 1102.1 *et

seq.* (eff. 6/3/93), and/or other state law and/or by a state actor, of rights, privileges, and

immunities under the First and Fourteenth Amendments to the United States Constitution.

PAGE — 1

Defendant Teamsters Local No. 312, International Brotherhood of Teamsters ("Local 312" or "union"), acting in concert with the Defendant Wallingford-Swarthmore School District ("the District") and its herein named officials, has deprived, and is threatening to continue to deprive Plaintiff of his constitutional rights. Specifically, Defendants have enforced, are enforcing, and will continue to enforce, through automatic seizures, compulsory unionism requirements contained in a collective bargaining agreement between the District and Local 312 to collect union dues and/or "fair-share" or agency fees from Plaintiff in violation of his constitutional rights. *See Janus v. AFSCME*, 138 S.Ct. 2448, 2460 (2018) (overruling *Abood v. Detroit Bd. of Educ.*, 431 U.S. 209 (1977), and holding forced union fees unconstitutional).

2.      In addition to injunctive and declaratory relief, Plaintiff seeks compensatory damages for violation of Plaintiff's rights under the First and Fourteenth Amendments to the United States Constitution, together with attorneys' fees, restitution of all agency fees seized from Plaintiff's wages before injunctive relief is granted, and punitive damages.

### JURISDICTION AND VENUE

3.      This claim arises under the Constitution and laws of the United States, particularly the First, Fifth, and Fourteenth Amendments to the United States Constitution. The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1331.

4.      This is also an action under the Federal Civil Rights Act of 1871, 42 U.S.C. § 1983, to redress the deprivation, under color of state law, of rights, privileges and immunities secured to Plaintiff by the Constitution of the United States, particularly the First, Fifth, and Fourteenth Amendments thereto. The jurisdiction of this Court, therefore, is invoked under 28 U.S.C. § 1343, pursuant to which this Court may grant:

      a.      nominal damages for the violation of Plaintiff's First and Fourteenth Amendment rights;

      b       preliminary and permanent injunctive relief; and

      c       reasonable costs and attorneys' fees, pursuant to 42 U.S.C. § 1988.

5.      This is also a case of actual controversy where Plaintiff is seeking a declaration of his rights under the Constitution of the United States.  Under 28 U.S.C. §§ 2201 and 2202, this Court may declare the rights of Plaintiff, and grant further necessary and proper relief based thereon, including permanent injunctive relief, pursuant to Rule 65, FED.R.CIV.P.

6.      Pursuant to 28 U.S.C. § 1391(b) and § 1392, venue is proper in this Court because Defendants either reside and/or have offices and conduct their business in the judicial district of the United States District Court for the Eastern District of Pennsylvania, and the claims arose in this judicial district.

## PARTIES

7.      Plaintiff is a District employee, employed as a bus driver.  He is employed in a bargaining unit represented, exclusively for purposes of collective bargaining, by Defendant Teamsters Local No. 312, International Brotherhood of Teamsters ("Local 312"), pursuant to the PERA, 43 PA.STAT.ANN. § 1101.101 *et seq.*, and the PEFSFL, 43 PA.STAT.ANN. § 1102.1 *et seq*  Plaintiff is not a member of Local 312, and has not been a member of Local 312 at any time material hereto.

8.      Plaintiff is a "public employee" within the meaning of 43 PA.STAT.ANN. § 1101.301(2), and a "Non-member" within the meaning of 43 PA.STAT.ANN. § 1102.2.

9.      Defendant Wallingford-Swarthmore School District ("the District") is a school district and as such employs many persons to fulfill and carry out its responsibilities.  The District is a "Public employer" within the meaning of 43 PA.STAT.ANN. §§ 1101.301(1) & 1102.2, and a "Political subdivision" within the meaning of 43 PA.STAT.ANN. § 1102.2.  By and through its officers and/or agents, the District has negotiated a series of collective bargaining agreements with Local 312.

10.     Defendant Lisa Palmer is the Superintendent of the District, with the general powers of that office, including the power to appoint and/or direct the activities of the Human Resources Director, and the power to execute written collective-bargaining agreements

concerning the wages, hours and other terms and conditions of employment of City employees. She is sued in her official capacity.

11.     Defendant Ferguson Abbott is, *inter alia*, the Human Resources Director of the District, and as such, he is generally responsible for the conduct of all employee relations in the District, including the enforcement of collective bargaining agreements with the District, and the payment of the wages of employees of the District and its departments, boards, commissions, agencies, authorities, systems, and other instrumentalities, and makes and transmits such deductions therefrom as are authorized by law. He is sued in his official capacity.

12.     Defendants listed in Paragraphs 9 through 11 may be collectively referred to as "the District Defendants."

13.     Defendant Local 312 is an "employee organization" and a "representative" within the meaning of the PERA, 43 PA.STAT.ANN. § 1101.301(3) & (4), and an "employee organization" and an "exclusive representative" within the meaning of the PEFSFL, 43 PA.STAT.ANN. § 1102.2. Through a collective bargaining agreement with the District, Local 312 represents employees of the District, including Plaintiff, exclusively for purposes of collective bargaining with the District. Defendant Local 312 maintains a place of business at 1 East Fifteenth Street, Chester, Pennsylvania 19013. Defendant Teamsters Local 312 affiliated with the International Brotherhood of Teamsters, Teamsters Joint Council #53, the Pennsylvania Conference of Teamsters, and the Philadelphia Building and Construction Trades Council.

## CAUSE OF ACTION

14.     Acting in concert under color of state law, to-wit, the PERA, the District has recognized Defendant Local 312 as the exclusive bargaining agent for Plaintiff and other District employees. The District, through its officials, has negotiated a series of written collective bargaining agreements ("CBAs") with Local 312 governing the employees' wages, terms, and conditions of employment. The current agreement is effective by its terms from 1 July 2017 through 30 June 2021. A true and correct copy of relevant portions of the District/Local 312

collective bargaining agreement are attached hereto and incorporated herein as Exhibit A.

15.     Pursuant to the PEFSFL, 43 Pa.Stat.Ann. § 1102.3, the current District/Local

312 CBA provides that all bargaining unit employees must either become and remain union

members or pay their "fair-share" of union dues as a condition of continued employment with the

District, as follows:

> Any bargaining unit employee who refuses to become, or remain a member of the
> Union, shall have deducted from their wages the then applicable fair share fee in
> compliance with the Public Employee Fair Share Fee Law. No written
> authorization by the employee is required for fair share fee deductions. The fair
> share fees, if any, shall be transmitted to the Union at the same time as, and
> included with, the Union dues.

Exhibit A, Art. 6, § 6.1.  The Agreement further limits the rights of employees to resign from

union membership as they see fit, as follows:

> All employees who have joined the Union, and employees who join the Union in
> the future, shall remain members of the Union for the duration of this collective
> bargaining agreement.  However, any such employee or employees may resign
> from the Union during a period of fifteen (15) days prior to the expiration of this
> Agreement.

Exhibit A, Art. 6, § 6.2.

16.     The current District/Local 312 CBA provides for mandatory deductions from the

wages of all represented employees and transmittal to Local 312, as follows:

> The Employer agrees to deduct from the wages of all employees covered by this
> Agreement the dues, initiation fees and/or uniform assessments, as are from time
> to time fixed by the Local Union, in accordance with the Constitution and By-
> Laws of the Local Union, and certified to the Employer by the Secretary-Treasurer
> of the Union, or other fully-authorized representative designated by the Union.
> The Employer agrees to remit to the Local Union all such deductions, including a
> list of employees who were on the list at the time of deduction, prior to the end of
> each month in which the deductions were made.  The Employer shall add to the
> list the names, Social Security numbers and hire date of all new bargaining unit
> employees hired since the last list was submitted and delete the names of
> employees who are no longer employed.  Where laws require written
> authorization by the employee, the same is to be furnished by the Union in the
> form required.  No deduction shall be made which is prohibited by applicable law.

Exhibit A, Article 6, § 6.1.

17.     Plaintiff, while formerly a member of Local 312, resigned from membership on or

about 20 July 2018.  A true and correct copy of his letter resigning from union membership, of

which a copy was contemporaneously sent to the District, is attached hereto and incorporated

herein as Exhibit B.

18.     On or about 9 August 2018, Plaintiff invoked his rights under *Janus*, *supra*, and informed the District of his resignation from union membership, *see* Exhibit B hereto, and demanded that the District cease deductions of union dues from his wages. A true and correct copy of his dues checkoff revocation, which was hand delivered to Cheryl Sweeney Foy, Defendant Ferguson's confidential assistant, is attached hereto and incorporated herein as Exhibit C.

19.     Notwithstanding Plaintiff's resignation from membership in Local 312, by letter dated 17 August 2018, Local 312 deemed Plaintiff's resignation from union membership "premature," and refused to recognize and/or honor it. A true and correct copy of Local 312's letter to Plaintiff, signed by Secretary-Treasurer Frank M. Zolenski, is attached hereto and incorporated herein as Exhibit D.

20.     Upon information and belief, Defendants have relied upon the provisions of the PERA, 43 PA.STAT.ANN. § 1101.301(18), which provides in pertinent part that:

> (18) "Maintenance of membership" means that all employes who have joined an employe organization or who join the employe organization in the future must remain members for the duration of a collective bargaining agreement so providing with the proviso that any such employe or employes may resign from such employe organization during a period of fifteen days prior to the expiration of any such agreement.

43 PA.STAT.ANN. § 1101.301(18). The PERA also provides in pertinent part that:

> Membership dues deductions and maintenance of membership are proper subjects of bargaining with the proviso that as to the latter, the payment of dues and assessments while members, may be the only requisite employment condition.

43 PA.STAT.ANN. § 1101.705.

21.     The continued deduction by the District Defendants of union dues under color of state law, subsequent to Plaintiff's resignation of union membership and revocation of his dues checkoff authorization, violates his rights, privileges, and immunities granted by the First and Fourteenth Amendments to the United States Constitution, and in violation of 42 U.S.C. § 1983.

22.     Plaintiff claims his constitutional rights, as enunciated by the Supreme Court in *Janus*, to terminate all incidents of union membership, including the deduction of union dues.

23.     Plaintiff's decision to become and remain a nonmember of Local 312 and its affiliates is an exercise of his rights to freedom of speech, association, petition, belief, and thought guaranteed against state action by the First and Fourteenth Amendments to the United States Constitution.  The actions of Defendants to negotiate and enforce an agreement compelling Plaintiff to pay union dues or any portion thereof to Local 312 and its affiliates infringes upon those fundamental rights.

24.     Defendants have violated the First and Fourteenth Amendments to the Constitution of the United States in that they have continued to deduct union dues from his wages notwithstanding his resignation from union membership.

25.     The "maintenance of membership" provisions of the PERA, 43 PA.STAT.ANN. §§ 1101.301(18) & 1101.705, and/or the PEFSFL, 43 PA.STAT.ANN. § 1102.1, *et seq.*, and/or the "fair share" or "agency shop" provisions of the District/Local 312 CBA, as applied by Local 312 and the District, violate Plaintiff's First and Fourteenth Amendment rights, as authoritatively construed by the United States Supreme Court in *Janus v. AFSCME*, 138 S.Ct. 2448 (2018).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A.     Immediately issue, pending a hearing on Plaintiff's prayer for permanent relief, a Temporary Restraining Order and/or Preliminary Injunction:

1.     restraining the District Defendants, individually and in their official capacities, their agents, assistants, successors, employees, attorneys, and all persons acting in concert or cooperation with them or at their direction or under their control, from making payroll deductions of union dues and/or agency fees from the salary and wages of Plaintiff and from transmitting to Local 312 any and all union dues and/or agency fees, however denominated, already deducted but not yet so transmitted;

2.     requiring the District Defendants, in their official capacities, to restore the *status quo* by making immediate restitution of all union dues and/or agency fee

deductions in their possession and/or control; and

      3.     restraining Local 312 from disbursing union dues and/or agency fees already transmitted to it and requiring Local 312 to restore the *status quo* by making immediate restitution of such fees seized from Plaintiff after his resignation from union membership;

B.     Issue a declaratory judgment, pursuant to 28 U.S.C. § 2201, declaring that:

      1.     the Pennsylvania Public Employee Fair Share Fee Law, 43 PA.STAT.ANN. § 1102.1 *et seq.*, and the agency shop article of the District/Local 312 CBA, the so-called "fair-share fee" or agency fee provisions, facially and/or as applied, violate Plaintiff's First and Fourteenth Amendment rights, in that union dues and/or agency fees have been seized from the wages of Plaintiff without his consent and/or after such consent has been revoked;

      2.     the agency shop article of the District/Local 312 CBA, the so-called "fair share fee" or "agency shop fee" provisions, including the indemnification clause, are unenforceable, and null and void; and

      3.     the "maintenance of membership" provisions of the Public Employe Relations Act, 43 PA.STAT.ANN. §§ 1101.301(18) & 1101.705, as well as those contained in the District/Local 312 collective bargaining agreement, are unconstitutional on their face and/or as applied by Defendants.

C.     Enter an Order permanently enjoining Defendants, their agents, successors, employees, attorneys, and all persons acting in concert or cooperation with them or at their direction or under their control, from enforcement and implementation of the so-called "fair share" or agency shop provisions in their collective bargaining agreement, including the indemnification clause, which requires nonmembers to maintain their union memberhip and/or to pay an agency fee.

D.     Award Plaintiff damages for the injuries sustained as a result of Defendants' violations of his First and Fourteenth Amendment rights, including, but not limited to, the union

dues and/or agency fees unlawfully seized from him after his resignation from union membership and revocation of his dues checkoff authorization, together with interest, and such other amounts as principles of justice warrant, including punitive damages; if any union dues and/or agency fees have not been previously returned to Plaintiff, include in the final judgment a mandatory injunction requiring the District Defendants, in their official capacities, to make restitution, with interest, of all union dues and/or agency fee deductions not yet transmitted to Local 312 and requiring Local 312 to make restitution with interest of all deductions that have been transmitted to it; and,

E.     Allow Plaintiff his costs of litigation, including reasonable attorneys' fees, pursuant to the Civil Rights Attorneys' Fees Award Act of 1976, 42 U.S.C. § 1988, and grant such other and additional relief as the Court may deem just and proper.

DATED: 26 September 2018

Respectfully submitted,

W. JAMES YOUNG, Esq.
Pennsylvania Bar No. 56300
c/o National Right to Work Legal
     Defense Foundation, Inc.
8001 Braddock Road, Suite 600
Springfield, Virginia  22160
(703) 321-8510

ATTORNEY FOR PLAINTIFF

H:\WP\Pennsylvania Cases\Mayer.ED\Initiating Documents\Complaint.wpd
Wednesday, 26 September 2018, 10 14:21 AM

# COLLECTIVE

# BARGAINING

# AGREEMENT

between the

# WALLINGFORD-SWARTHMORE
# SCHOOL DISTRICT

and the

# TEAMSTERS, LOCAL NO. 312
## Bus Drivers

# JULY 1, 2017 – JUNE 30, 2021

Exhibit
A

TABLE OF CONTENTS

**ARTICLE**                                                                 **PAGE**

1.    Definitions. ..... . ...... .... ...................... ............. ...............1
      1.1  Employer.......................................................................1
      1.2  Regular Employee, Substitute, Service Person ......................1
      1.3  Regular Run ..................................................................1
      1.4  Mid-day Run...................................................................1
      1.5  Extra Trip ....................................................................1
2.    Nature of Agreement ..............................................................1
3.    Recognition ....................................................................1-2
4.    Management Rights..................................................... . .......2
5.    Seniority ............................................................ ...........2
      5.1  Definition .....................................................................2
      5.2  Loss of Seniority ............................................................2
      5.3  Decrease in Work Force ...................................................3
      5.4  Seniority Lists................................................................3
      5.5  Probationary Employees......... .. .......................... ........3
      5.6  Posting of Runs ..............................................................3
      5.7  Warning Letters...................................... ................. ...4
6.    Union Rights ..........................................................................
      6.1  Dues Deductions........................... . .. .................. ... . 4
      6.2  Maintenance of Membership..............................................4
      6.3  Leave of Absence for Union Business....................................4
      6.4  Union Activities ..............................................................4
      6.5  Inspection Privileges .......................................................5
      6.6  Posting of Agreement.......................................................5
      6.7  Union Bulletin Boards ................ . .. ...............................5
      6.8  Driver Facilities ......................................... ......... ... ...5
7.    Hours of Work and Working Conditions .........................................
      7.1  ...................................................................................5
      7.2  Morning and Afternoon Runs.. ..... ............. .............. ........6
      7.3  Mid-Day Run....................................................................6
      7.4  Extra Trip Practices...... ........ ..... .. ... ............ .......... .. .6
      7.5  With No Mid-Day Run........ ........ ....... .......... ... .. ....6-7
      7.6  On-The-Job Injury ...... ...................... ...... .......... ..........7
      7.7  Overtime ...... .............. ...... ..... .............................. ...7
      7.8  Saturday & Sunday Work... .................................. .............7
      7.9  Extra Trips.....................................................................8
      7.10 Guaranteed Days per Year . . . ...      . ...... ............................ . 8
      7.11 Guaranteed Hours While School is in Session...........................9
      7.12 Shuttle Buses.................... ........... ...... . ......... ...............9
8.    Wages ....................................................................................
      8 1  Wage Scale .... ...... ........... ........ ... ....... ... .................9
      8.2  Pay Errors. ..... .............. ....... .. ...... ......... .. ....... ...... ...9
9.    Employee Benefits ...................................................................
      9.1 .... .................. ........... ............ .. . .. ..................... ..........9
             A.    Sick Leave ..... .............. ... . . ..... ........................ ...... ...9-10
             B.    Holidays ...... .. ........ .. . ...... ............................ . 10

|     |     | C. | Other Leaves .................................................................. 10-11 |
|     |     | D. | Health, Prescription, & Dental Insurance..... ............... 12-14 |
|     |     | E. | Life Insurance ....................................................... 14 |
|     |     | F. | State Pension.................................... .... .................... 14 |
|     |     | G. | Long Term Disability ............................................... 15 |
|     |     | H. | Short Term Disability ................................................ 15 |
|     |     | I. | Vision Insurance ....................................................... 15 |
|     | 9.2 | A. | Court Costs, Bonds, Counsel................................... 15 |
|     |     | B. | Examination Fees....................... ... ............................ 15 |
|     |     | C. | Advances for Expenses ............................................. 16 |
|     |     | D. | Lunch Allowance ..................................................... 16 |
|     |     | E. | Dinner Allowance..................................................... 16 |
|     |     | F. | Breakfast Allowance  ...... ... ......... . . ... .... ... ...................... 16 |
| 10. | Grievance Procedure |
|     | 10.1 Purpose  .................................................... ... ..... ................ 16 |
|     | 10.2 General Procedure ...................................... . ........................ 16-17 |
|     | 10.3 Shop Stewards........................................................... 17-18 |
| 11. | No Strike, No Lockout ........................................ ... ..................... 18 |
| 12. | Defective Equipment................................................................ 19 |
| 13. | Separability  ............................................................. 19 |
| 14. | Waivers and Reservations ....... ................................. ......... . ........ 19 |
| 15. | Meetings.............. ...... . .... ...................... . ..... . ..... ............... 19 |
| 16. | Summer Work ........................................... ............................. 19 |
| 17. | Subcontracting......................................................... . . ............. 19 |
| 18. | Progressive Discipline.............................. ..... ........................... 19 |
| 19. | Duration............... ....  ..................... ........................................ 20 |
| Exhibit "A"  ...................................................................................... 21 |

5.7     Warning Letters

An employee who receives a warning letter shall have such letter removed after eighteen (18) months. Removal of a warning letter shall not be applicable to situations where the letter also includes notice of an unpaid suspension.

## ARTICLE 6 – UNION RIGHTS

6.1     Dues Deductions

The Employer agrees to deduct from the wages of all employees covered by this Agreement the dues, initiation fees and/or uniform assessments, as are from time to time fixed by the Local Union, in accordance with the Constitution and By-Laws of the Local Union, and certified to the Employer by the Secretary-Treasurer of the Union, or other fully-authorized representative designated by the Union. The Employer agrees to remit to the Local Union all such deductions, including a list of employees who were on the list at the time of deduction, prior to the end of each month in which the deductions were made. The Employer shall add to the list the names, Social Security numbers and hire date of all new bargaining unit employees hired since the last list was submitted and delete the names of employees who are no longer employed. Where laws require written authorization by the employee, the same is to be furnished by the Union in the form required. No deduction shall be made which is prohibited by applicable law.

Any bargaining unit employee who refuses to become, or remain a member of the Union, shall have deducted from their wages the then applicable fair share fee in compliance with the Public Employee Fair Share Fee Law. No written authorization by the employee is required for fair share fee deductions. The fair share fees, if any, shall be transmitted to the Union at the same time as, and included with, the Union dues.

6.2     Maintenance of Membership

All employees who have joined the Union, and employees who join the Union in the future, shall remain members of the Union for the duration of this collective bargaining agreement. However, any such employee or employees may resign from the Union during a period of fifteen (15) days prior to the expiration of this Agreement.

6.3     Leave of Absence for Union Business

Employer agrees to grant the necessary and reasonable time off, without discrimination or loss of seniority and without pay or other benefits, to not more than two (2) employees designated by the Union, in writing to the Employer, to act as an elected Union officer, business agent, or shop stewards.

6.4     Union Activities

Any employee member of the Union acting in an official capacity whatsoever shall not be discriminated against for his/her acts as such officer of the Union so long as such acts do not interfere with the conduct of the Employer's business, nor shall there be any discrimination against any employee because of Union membership or activities.

6 5    Inspection Privileges

Authorized agents of the Union shall have access by appointment, to Employer's bus area and transportation office during working hours for the purpose of adjusting disputes, investigating working conditions, collection of dues, and ascertaining that the Agreement is being adhered to, provided, however, that there is no interruption of the Employer's working schedule.

6 6    Posting of Agreement

A copy of this Agreement shall be posted in a conspicuous place in each place of work as well as an individual copy given to each Union Member along with the Transportation Department Employee Handbook.

6 7    Union Bulletin Boards

The Employer agrees to provide suitable space for the Union bulletin board in each place of work. Postings by the Union on such boards are to be confined to official business of the Union.

6.8    Driver Facilities

The Employer will maintain a convenient drivers' facility, equipped with a telephone, and rest rooms, near the location where the buses are parked. Employees shall cooperate in maintaining these facilities in a clean and proper manner.

## ARTICLE 7 – HOURS OF WORK AND WORKING CONDITIONS

7.1    With the exception of trips scheduled during the fall sports season (which includes football, including the band and cheerleaders, soccer, field hockey, volleyball, cross country, and golf, fall sports are normally completed by the first week of November, unless they make it to the playoffs), in interpreting and applying the seniority provisions of this Article, it is the intention of the parties to give, to the extent possible, an opportunity to work up to 40 hours per week to all employees. Trips will be posted and based on seniority selected each week by senior employees up to 40 hours. When an employee has worked 40 hours in a week or when the balance of his/her remaining regular schedule will result in his/her working 40 or more hours in that week, the Employer may decline to assign an extra trip to that employee in order to avoid unnecessary overtime costs. This Article shall not constitute a guarantee of hours per day or days of work per week to any employee, but is a clear understanding between the parties that the work available should be distributed among the employees on the basis of seniority

Other than during the fall sports season, it is understood that the Employer, following the issuance of notice of extra work, can deny more senior employees the opportunity to bid on a trip that will cause the employee to work more than 40 hours in a workweek. In such cases, that more senior employee would not be entitled to bid for the notice of extra work (i.e., trip)   Under such circumstances, if there is no employee on the

## ARTICLE 19

Duration

This Agreement shall remain in full force and effect July 1, 2017 to and including June 30, 2021.

IN WITNESS WHEREOF, the parties hereto have set their hands and seals all on the twelfth day of June, 2017.

Attest:                                   WALLINGFORD-SWARTHMORE SCHOOL DISTRICT

By: _____        By: _____
Darlene Klingerman                        Dr. Richard Sonntag
Board Secretary                           Board President


Attest·                                   TEAMSTERS LOCAL UNION NO. 312

By: _____        By: _____
Patricia McGarry                          Frank Zolenski
Shop Steward

**Michael A. Mayer**

402 Meadow Lane

Wallingford, PA 19086

July 20, 2018

Teamsters Union Local 312

1 East 15th Street

Chester, PA 19013-3997

To Whom It May Concern·

Effective immediately, I resign membership in all levels of the union.

As a nonmember, I request that you immediately cease deducting all dues, fees, and political contributions from my wages, as is my constitutional right in light of the U.S. Supreme Court's ruling in *Janus v  AFSCME.*

This objection is permanent and continuing in nature and should be honored for as long as I remain in the bargaining unit.

I understand that the union has arranged to be the sole provider of workplace representation services for all employees in my bargaining unit and that I am legally prohibited from using alternative services. I understand further that, in exchange for the privilege of acting as the exclusive bargaining representative, the union must continue to represent me fairly and without discrimination in dealings with my employer and cannot, under any circumstances, deny me any wages, benefits, or protections provided under the collective bargaining agreement with my employer.

Furthermore, I request that you promptly provide me with a copy of any dues deduction authorization   written, electronic, or oral –which the union has on file for me

Please remove me from all mailing list, and do not contact me with any future membership solicitations or union materials

Sincerely,

Michael A. Mayer

cc  Wallingford-Swarthmore School District – Human Resources/Payroll

**Exhibit B**

**Michael A. Mayer**

402 Meadow Lane

Wallingford, PA 19086

August 9, 2018

Mr. Ferguson Abbott

Wallingford-Swarthmore School District

200 S. Providence Road

Wallingford, PA 19086

### HAND DELIVERED - August 9, 2018

Dear Mr Abbott:

On July 20, 2018 I resigned from the Teamsters Union Local 312 via registered mail   A copy of that resignation was sent and received by your office on July 23, 2018

At the beginning of my full-time employment status I authorized the deduction of wages from my paychecks for the purpose of paying Teamsters Union Local 312 dues   I revoke that authorization effective immediately.

In Pennsylvania, an employer may deduct wages from an employee's pay check for deductions authorized by and for the convenience of employees  That authorization is now revoked.

My next pay check is due August 17, 2018   No deductions for Teamsters Union Local 312 are permitted on this payroll check or any future check unless Wallingford Swarthmore School District possesses a court order requiring such deduction.

Sincerely,

Michael A. Mayer

Exhibit
C



# Teamsters Local 312

**1 E. 15ᵀᴴ STREET, CHESTER, PENNSYLVANIA 19013**
Delaware County and Chester County, Pennsylvania and Vicinity

Affiliated with the International Brotherhood of Teamsters
Pennsylvania Conference of Teamsters
Teamsters Joint Council #53

**TEL. (610) 876-0391**

**FAX (610) 876-2308**

| | | |
|---|---|---|
| **FRANK M. ZOLENSKI**<br>Secretary-Treasurer<br>**TIMOTHY D. MACKENNA**<br>Recording Secretary<br>**RONALD CARLUCCI**<br>Trustee | **DAVID M. DELLOSO**<br>President<br><br>September 10, 2018 | **JOHN P. MAY**<br>Vice President<br>**SHAWN P. PAYNE, JR.**<br>Trustee<br>**EDWARD F. KELLY**<br>Trustee |

Michael A. Mayer
402 Meadow Lane
Wallingford, PA 19086

Re:   Teamsters Local 312 Membership

Dear Mr. Mayer:

I am in receipt of your correspondence dated August 21, 2018, in which you raise concerns about the time period in which you may exercise your right to revoke your membership from Teamsters Local 312. Please be advised that pursuant to the enclosed authorization card that you voluntarily signed, it unequivocally provides for a time period in which you revoke your membership, and obligates you to continue paying Union dues until that time period. As was expressed in my initial correspondence, you may not revoke your membership until December 12, 2018. In your correspondence, you reference *Pattern Makers v. NLRB*, 473 U.S. 95 (1985). While you assert that this case stands for the proposition that a member may revoke his or her membership at any time, this is an overstatement of the Supreme Court's holding in that matter. In that case, the Court found that a Union could not fine members for revoking their membership during a strike in purported violation of the Union's constitution. Accordingly, your reliance on *Pattern Makers* is misplaced.

You also indicate that another employee revoked his membership in a similar time frame as you have requested, and his request was honored. Please be advised that employees may have signed their authorization cards at different times, and, thus, the window period in which an employee may revoke his or her membership may differ for each employee. The Union has uniformly and lawfully enforced the authorization cards signed by its members.

Sincerely,

*Frank M. Zolenski*

Frank Zolenski
Secretary-Treasurer

FMZ/dc
Enclosure

Exhibit
D

## VERIFICATION OF COMPLAINT

Michael A Mayer, pursuant to Section 1746 of the Judicial Code, 28 U S C § 1746, declares as follows

I am named as a Plaintiff in the within suit and am employed by the Wallingford-Swarthmore School District

I have read the foregoing Complaint, and state upon my knowledge, information, and belief that the statements and allegations contained herein are true and correct

As stated more fully in the Complaint, I resigned my membership in Defendant Teamsters Local Union No 312, International Brotherhood of Teamsters, on 20 July 2018, and the District Defendants have nevertheless continued seizing union dues and/or agency fees from my wages, notwithstanding the Supreme Court's decision in *Janus v. AFSCME*, 138 S Ct. 2448 (2018)

I declare under penalty of perjury that the foregoing is true and correct

Executed on _19_ September 2018.

MICHAEL A MAYER

*CMR CMR*   **4146**

JS 44 (Rev. 06/17)

**CIVIL COVER SHEET**

18-CV-4146

18   4146

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

MICHAEL A MAYER

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address and Telephone Number)*
W JAMES YOUNG, Esq., c/o National Right to Work Legal Defense Foundation, Inc., 8001 Braddock Road, Suite 600, Springfield, Virginia 22160, (703) 321-8510

**DEFENDANTS**
Wallingford-Swarthmore School District ("WSSD"), Lisa Palmer, Superintendent, WSSD, Ferguson Abbott, Human Resources Director, WSSD, Teamsters Local No 312, IBT

County of Residence of First Listed Defendant
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

Attorneys *(If Known)*

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

☐ 1  U.S. Government Plaintiff
☒ 3  Federal Question *(U.S. Government Not a Party)*
☐ 2  U.S. Government Defendant
☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*                                             Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | **PERSONAL PROPERTY** | | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 751 Family and Medical Leave Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

**V. ORIGIN** *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983
Brief description of cause:
Defendants have violated Plaintiff's 1st and 14th Amendment rights by enforcing a forced-unionism agreement.

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions)*
JUDGE                    DOCKET NUMBER

SEP 25 2018

DATE   09/25/2018
SIGNATURE OF ATTORNEY OF RECORD   /s/ W James Young

**FOR OFFICE USE ONLY**

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE          MAG. JUDGE



**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

**18    4146**

### DESIGNATION FORM
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff _____ 402 Meadow Lane, Wallingford, Pennsylvania 19086

Address of Defendant: WSSD Defendants, 200 South Providence Rd , Wallingford  PA  19086; Teamsters Local No  312  1 East Fifteenth St, Chester, PA  19013

Place of Accident, Incident or Transaction. _____ Wallingford, Pennsylvania 19086

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

| | | | |
|---|---|---|---|
| 1 | Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 2 | Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court? | Yes ☐ | No ☑ |
| 3 | Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court? | Yes ☐ | No ☑ |
| 4 | Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual? | Yes ☐ | No ☑ |

I certify that, to my knowledge, the within case ☐ is / ☑ is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE 09/25/2018 _____ Attorney-at-Law / Pro Se Plaintiff    _____ Bar No. 56300
_____ Attorney I D # (if applicable)

---

**CIVIL: (Place a ✓ in one category only)**

**A.   Federal Question Cases.**

- ☐ 1.  Indemnity Contract, Marine Contract, and All Other Contracts
- ☐ 2.  FELA
- ☐ 3.  Jones Act-Personal Injury
- ☐ 4.  Antitrust
- ☐ 5.  Patent
- ☐ 6.  Labor-Management Relations
- ☑ 7.  Civil Rights
- ☐ 8.  Habeas Corpus
- ☐ 9.  Securities Act(s) Cases
- ☐ 10. Social Security Review Cases
- ☐ 11. All other Federal Question Cases *(Please specify)*

**B.   Diversity Jurisdiction Cases.**

- ☐ 1.  Insurance Contract and Other Contracts
- ☐ 2.  Airplane Personal Injury
- ☐ 3.  Assault, Defamation
- ☐ 4.  Marine Personal Injury
- ☐ 5.  Motor Vehicle Personal Injury
- ☐ 6.  Other Personal Injury *(Please specify)*
- ☐ 7.  Products Liability
- ☐ 8.  Products Liability - Asbestos
- ☐ 9.  All other Diversity Cases *(Please specify)*

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration )*

I, _____ W. James Young _____, counsel of record or pro se plaintiff  do hereby certify

- ☐ Pursuant to Local Civil Rule 53 2, § 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000 00 exclusive of interest and costs
- ☑ Relief other than monetary damages is sought

**SEP 25 2018**

DATE 09/19/2018 _____ Attorney-at-Law / Pro Se Plaintiff

**Pa. Bar No. 56300**
*Attorney I D # (if applicable)*

NOTE  A trial de novo will be a trial by jury only if there has been compliance with F R.C.P. 38.

C  600 (5/2018)

**CMR**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

<u>**CASE MANAGEMENT TRACK DESIGNATION FORM**</u>

Michael A. Mayer
       v.
Wallingford-Swarthmore School District

:
:
:
:
:
:

CIVIL ACTION

**18     4146**

NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

### SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.　　　　( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits.　　　　　　( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.　( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.　　　　　　　　　　　　　　　　　　　　( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)　　　　　　　　　　　　　　　　　　　　( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.　　(X)

9/25/18
**Date**

(703) 321-8510
**Telephone**

**Attorney-at-law**

(703) 321-9319
**FAX Number**

W. James Young
**Attorney for Plaintiff**

wjy@nrtw.org
**E-Mail Address**

(Civ. 660) 10/02

SEP 25 2018