IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MICHAEL A. MAYER<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WALLINGFORD-SWARTHMORE<br>SCHOOL DISTRICT, *et al.*<br><br>　　　　Defendants.<br><br><br>JOSH SHAPIRO, ATTORNEY<br>GENERAL,<br><br>　　　　Intervenor. | CIVIL ACTION NO. 18-4146 |

**MEMORANDUM OPINION**

**Rufe, J.**　　　　　　　　　　　　　　　　　　　　　　　　　　　　　September 23, 2019

Defendants, the Wallingford-Swarthmore School District (the "District"), Lisa Palmer and Ferguson Abbot, the Superintendent and Human Resources Director, respectively, of the District, and Local 312 of the International Brotherhood of Teamsters (the "Union") have moved to dismiss the Amended Complaint, arguing that Plaintiff has obtained all relief to which he is entitled and that the action is moot.[1]

**I.　　BACKGROUND**

The relevant facts are straightforward. Plaintiff is employed as a bus driver for the District, and is therefore a public employee under Pennsylvania law. Plaintiff had been a member of the Union, the collective bargaining agent for the District's bus drivers, since 2011.

---

[1] Plaintiffs sued Defendants Palmer and Abbott in their official capacities. These Defendants moved to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that because their employer, the District, is a Defendant, the claims against them are redundant. In his combined opposition brief, "Plaintiff concedes that dismissal of Palmer and Abbott is within the Court's discretion in the interest of orderly case management" and does not oppose their motion. Pl.'s Mem. Opp. [Doc. No. 18] at 6 (internal quotation marks and citation omitted).

On June 27, 2018, the Supreme Court decided *Janus v. AFSCME*, holding that no form of payment to a union can be deducted or collected from an employee without the employee's affirmative consent.[2] On July 20, 2018, Plaintiff wrote to the Union, directly referencing *Janus*, resigning his membership, and requesting that the Union immediately stop deducting dues and any other fees from his wages.[3] After the Union informed him that he could not revoke his membership until December 12, 2018, under the terms of his dues authorization card,[4] Plaintiff filed this lawsuit on September 25, 2018, alleging that the collection of dues pursuant to the Pennsylvania Public Employee Relations Act ("PERA"),[5] the Pennsylvania Public Employee Fair Share Fee Law ("PEFSFL"),[6] and the relevant collective bargaining agreement ("CBA") violated his constitutional rights under the First and Fourteenth Amendments, based on the decision in *Janus*.[7]

The Union instructed the District to stop deducting dues from Plaintiff's paycheck on October 1, 2018, and reimbursed Plaintiff for the payments for August and September.[8] On November 29, 2018, the School District sent Plaintiff $1.00, representing estimated interest on the reimbursed payments.[9] Because the lawsuit challenges the constitutionality of Pennsylvania statutes, the Attorney General of the Commonwealth, Josh Shapiro, has intervened and filed a memorandum of law in support of the motions to dismiss.

---

[2] 138 S. Ct. 2448, 2486 (2018).

[3] Am. Compl. Ex. B [Doc. No. 8-1].

[4] *Id.* Ex. D.

[5] 43 Pa. Stat. §§ 1101.101–1101.2301.

[6] 43 Pa. Stat. §§ 1102.1–1102.9.

[7] 138 S. Ct. 2448, 2460 (2018). *Id.* at 2486.

[8] Decl. of Frank Zolenski [Doc. No. 12] at ¶¶ 8-9.

[9] Decl. of Ferguson Abbot [Doc. No. 17-3] at ¶¶ 3-4.

## II.     LEGAL STANDARD

"Federal Rule of Civil Procedure 12(b)(1) permits a party to move for dismissal of any claim over which the district court lacks subject matter jurisdiction.[10] The plaintiff has "the burden of proof that jurisdiction does in fact exist."[11] Mootness is a proper basis for a 12(b)(1) motion to dismiss because the mootness doctrine implicates jurisdictional matters.[12] A plaintiff's claim is rendered moot "when 'the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'"[13] The central question of all mootness issues, then, "is whether changes in circumstances that prevailed at the beginning of the litigation have forestalled any occasion for meaningful relief."[14]

"A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction."[15] "In reviewing a facial attack, the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff."[16] "In reviewing a factual attack, the court may consider evidence outside the pleadings."[17] Here, Defendants have submitted affidavits, and therefore

---

[10] Fed. R. Civ. P. 12(b)(1).

[11] *Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006).

[12] *See Mollett v. Leicth*, 511 F. App'x 172, 173 (3d Cir. 2013) (noting that when a claim is moot, "a federal court lacks jurisdiction to hear it") (citation omitted); *Goodmann v. People's Bank*, 209 F. App'x 111, 113–15 (3d Cir. 2006) (finding that a "District Court lacks subject matter jurisdiction when the controversy has become moot" and affirming the dismissal of a mooted civil action pursuant to Fed. R. Civ. P. 12(b)(1)).

[13] *United Steel Paper & Forestry Rubber Mfg. Allied Indus. & Serv. Workers Int'l Union AFL-CIO-CLC v. Gov't of the Virgin Islands*, 842 F.3d 201, 208 (3d Cir. 2016) (quoting *County of L.A. v. Davis*, 440 U.S. 625, 631 (1979)).

[14] *Id.* (quoting *Rendell v. Rumsfeld*, 484 F.3d 236, 240 (3d Cir. 2007)).

[15] *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000) (citation omitted).

[16] *Id.* (citations omitted).

[17] *Id.* (citation omitted).

"present competing facts" through a factual attack.[18] The Court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case" without any presumption of the truthfulness of Plaintiff's allegations.[19]

## III. DISCUSSION

Defendants argue that the case is now moot because Plaintiff has been removed as a member of the Union, his dues have been refunded with interest, and there is no further relief he can obtain. Plaintiff argues that the suit is not moot under the voluntary-cessation doctrine;[20] that he seeks a declaratory judgment and nominal and punitive damages; and that he "remains subject to Defendants' authority to negotiate for both a maintenance of membership provision under the PERA, to negotiate for [a] forced-unionism provision under the PEFSFL, and to collect forced dues under the existing" CBA.[21]

Article III of the Constitution limits the judicial authority of the federal courts to "cases" or "controversies" that are actual and ongoing.[22] The actual and ongoing matters "must be extant at all stages of [the court's] review, not merely at the time the complaint is filed."[23] If "an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the

---

[18] *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014).

[19] *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (internal citation and quotation marks omitted).

[20] Under the voluntary-cessation doctrine, when a defendant stops the wrongful conduct voluntarily, the case is moot only if "there is no reasonable expectation that the wrong will be repeated." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633 (1953).

[21] Pl.'s Mem. Opp. [Doc. No. 18] at 8–9 (citations and footnote omitted).

[22] *Khodara Envtl., Inc. ex rel. Eagle Envtl., L.P. v. Beckman*, 237 F.3d 186, 192–93 (3d Cir. 2001).

[23] *Camesi v. Univ. of Pittsburgh Med. Ctr.*, 729 F.3d 239, 247 (3d Cir. 2013) (quoting *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1528 (2013)).

lawsuit,' at any point during the litigation," the action is no longer "live" and is rendered moot.[24] For a claim to be moot, it must be "impossible for a court to grant any effectual relief."[25] A claim is still considered "live" when a real and substantial controversy exists between parties, however small, that can be resolved by specific relief granted by the court.[26]

      Since *Janus* was decided, numerous courts have ruled that cases similar to this one are moot once the dues collection has ended.[27] The reasoning of those cases applies with equal force here. Plaintiff has been refunded for the dues deducted after he resigned from the Union, and therefore he no longer has an interest in the outcome of the litigation as to these claims.[28] Under the voluntary-cessation doctrine, there is no reasonable expectation that the wrong will be repeated; i.e., that Defendants will act to thwart the change in law occasioned by *Janus*, which was decided only a month before Plaintiff sent his resignation letter. As Plaintiff is not now a

---

[24] *Id.* (citing *Symczyk*, 133 S. Ct. at 1528); *see also N.J. Tpk. Auth. v. Jersey Cent. Power & Light*, 772 F.2d 25, 31 (3d Cir. 1985) ("[M]ootness has two aspects: (1) the issues presented are no longer 'live' or (2) the parties lack a cognizable interest in the outcome.") (citing *U.S. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)).

[25] *Knox v. Serv. Emps. Int'l Union*, 567 U.S. 298, 307 (2012) (internal quotation marks omitted) (citations omitted).

[26] *Old Bridge Owners Coop. Corp. v. Twp. of Old Bridge*, 246 F.3d 310, 314 (3d Cir. 2001) (citation omitted); *see also Chafin v. Chafin*, 568 U.S. 165, 172 (2013) (finding that where a party maintains "a concrete interest, however small, in the outcome of the litigation, the case is not moot"); *Ruocchio v. United Transp. Union, Local 60*, 181 F.3d 376, 383 (3d Cir. 1999) ("[T]he issue is . . . whether the decision of the dispute continues to be justified by sufficient prospect that it will have impact on the parties.") (citation omitted).

[27] *See Guppy v. City of Los Angeles*, No. 18-1360 slip op. at 7 (C.D. Cal. Aug. 30, 2019) (granting a renewed motion to dismiss and citing "cases that universally suggest that a case like Plaintiff's is moot"); *Seager v. United Teachers Los Angeles*, No. 19-469, 2019 WL 3822001 (C.D. Cal. Aug. 14, 2019); *Molina v. Pennsylvania Soc. Serv. Union*, No. 19-019, 2019 WL 3240170 (M.D. Pa. July 18, 2019); *Ogle v. Ohio Civil Serv. Emps. Ass'n*, No. 18-1227, 2019 WL 3227936 (S.D. Ohio July 17, 2019); *Diamond v. Pa. State Educ. Ass'n*, No. 18-128, 2019 WL 2929875 (W.D. Pa. July 8, 2019); *Babb v. Cal. Teacher's Ass'n*, 378 F. Supp. 3d 857 (C.D. Cal. 2019); *Hartnett v. Pa. State Educ. Ass'n*, No. 17-100, 2019 WL 2160404 (M.D. Pa. May 17, 2019); *Wholean v. CSEA, SEIU Local 2001*, No. 18-1008, 2019 WL 1873021 (D. Conn. Apr. 26, 2019); *Akers v. Md. State. Educ. Ass'n*, 376 F. Supp. 3d 563 (D. Md. 2019); *Lee v. Ohio Educ. Ass'n*, 366 F. Supp. 3d 980 (N.D. Ohio 2019); *Carey v. Inslee*, 364 F. Supp. 3d 1220 (W.D. Wash. 2019); *Cook v. Brown*, 364 F. Supp. 3d 1184 (D. Or. 2019); *Lamberty v. Conn. State Police Union*, No. 15-378, 2018 WL 5115559 (D. Conn. Oct. 19, 2018)

[28] *Molina*, 2019 WL 3240170 at *8 (citing *Freedom from Religion Found., Inc. v. New Kensington Arnold Sch. Dist.*, 832 F.3d 469, 476 (3d Cir. 2016)).

member of the Union, there is no basis for deduction of dues pursuant to PERA unless he freely rejoins the Union, in which case the deductions would be authorized. There also is no reasonable likelihood that the District would collect payments under the PEFSFL in a manner contrary to the Supreme Court's decision in *Janus*, and the CBA itself bars any deductions that are "prohibited by applicable law."[29] There is no continuing conduct for the Court to declare unconstitutional, and an injunction that simply directs a defendant to obey the law is improper.[30] Thus, the claims are moot.

The mooting of claims for injunctive and declaratory relief does not always moot an entire case where claims for damages or attorney's fees remain.[31] In this case, however, there are no compensatory damages to be awarded: Plaintiff has received a refund for the dues that were paid after he resigned from the Union, and his actual injury therefore has been redressed. Nominal damages are only awarded where there is no proof of actual injury, and are inapplicable here.[32]

Plaintiff also seeks punitive damages, which may be available in a § 1983 action "when the defendant's conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others."[33] With regard to the District, § 1983 does not permit such awards against municipal entities, including school

---

[29] Am. Compl. ¶ 16 (quoting CBA).

[30] *Belitskus v. Pizzingrilli*, 343 F.3d 632, 650 (3d Cir. 2003).

[31] *Donovan ex rel. Donovan v. Punxsutawney Area Sch. Bd.*, 336 F.3d 211, 218 (3d Cir. 2003).

[32] *Freedom from Religion Found., Inc. v. New Kensington Sch. Dist.*, 832 F.3d 469, 474 n.3 (3d Cir. 2016) (quoting *Carey v. Piphus*, 435 U.S. 247, 266) (1978)).

[33] *Kolstad v. Am. Dental Ass'n*, 527 U.S. 526, 536 (1999).

boards.[34] Moreover, given the mootness of Plaintiff's claims for the declaratory and injunctive relief and the fact that Plaintiff has been made whole, and in the absence of any allegations that the Union was motivated by evil motive or intent or reckless indifference to constitutional rights in the immediate aftermath of a significant change in the law, the bare demand for punitive damages in the Amended Complaint cannot bar dismissal of the claims against all Defendants.

Finally, Plaintiff would not be entitled to attorney's fees and costs as a prevailing party under 42 U.S.C. § 1988, because there has been no "judicially sanctioned change in the legal relationship of the parties."[35] Whether or not the filing of this lawsuit prompted Defendants' actions, it does not confer prevailing party status for purposes of the statute when no ruling of the Court altered the relationship between the parties.[36]

## IV. CONCLUSION

For the reasons stated above, Plaintiff's claims will be dismissed as moot. The dismissal will be without prejudice so that, if Defendants were to violate Plaintiff's constitutional rights as to the deduction of fees in the future, Plaintiff may "renew such claims under appropriate circumstances."[37] An appropriate order will be entered.

---

[34] *Highhouse v. Wayne Highlands Sch. Dist.*, 205 F. Supp. 3d 639, 650) (citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981)); *Klump v. Nazareth Area Sch. Dist.*, 425 F. Supp. 2d 622, 643 (E.D. Pa. 2006).

[35] *Buckhannon Bd. & Care Home, Inc. v. W. Va.. Dep't of Health and Human Res.*, 532 U.S. 598, 605 (2001), *quoted in Lamberty v. Conn. State Police Union*, No. 15-378, 2019 WL 4233502, at * 4 (D. Conn. Sept. 6, 2019).

[36] *Lamberty*, 2019 WL 4233502, at *6, *8.

[37] *Molina*, 2019 WL 3240170, at *8 n.13 (citing *Lamberty*, 2018 WL 5115559, at *9).